(No. 2420—

MINNIE PERRY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1935.*

ADAIR & GROVES, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On October 10th, 1933, and for several years prior thereto, Aaron K. Perry was employed as a laborer at the Illinois Soldiers' and Sailors' Home at Quincy; on the last mentioned date, while engaged with several other men in cutting out and removing the tops of some trees on the grounds of the Home, he sustained accidental injuries which arose out of and in the course of his employment, and which resulted in his death on the next succeeding day.

It appears from the record that both claimant and respondent at the time of the accident were operating under the provisions of the Workmen's Compensation Act; and

that notice of the accident was given and claim for compensation made in accordance with the requirements of Section twenty-four (24) of such Act.

Said Aaron K. Perry left him surviving the claimant, Minnie Perry, his widow, whom he was under legal obligation to support at the time he was injured as aforesaid, and Roy Perry, his son, whose age does not appear in the record. The earnings of the decedent during the year next preceding the injury were $954.00, and were payable monthly; the average monthly wage being $79.50.

Under the terms of the Workmen's Compensation Act, the claimant, Minnie Perry, is entitled to receive compensation in an amount equal to four times the average annual earnings of said Aaron K. Perry, to-wit, $3,816.00, payable in monthly installments of $39.75.

Award is therefore entered in favor of the claimant, Minnie Perry, for the sum of Thirty-eight Hundred Sixteen Dollars ($3,816.00), payable in ninety-six (96) monthly installments of Thirty-nine Dollars and Seventy-five cents ($39.75), commencing on the 11th day of November, A. D. 1933.

Claimant is now entitled to have and receive from the respondent the sum of One Thousand Thirty-three Dollars and Fifty Cents ($1,033.50), being the amount of compensation that has accrued from October 11th, 1933 to December 11th, 1935, and the remainder of said award, to-wit, Twenty-seven Hundred Eighty-two Dollars and Fifty Cents ($2,782.50), will be paid by said respondent in seventy (70) equal monthly payments of Thirty-nine Dollars and Seventy-five Cents ($39.75) commencing on January 11th, 1936.

This award being for the death of a State employee, is subject to the provisions of an Act entitled *"An Act making an appropriation to pay compensation claims of State employees, and providing for the method of payment thereof,"* approved July 2d, 1935.

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval, is payable from the General Revenue Fund, in the manner provided in such Act.

Claimant has filed her petition herein for a lump sum settlement, pursuant to the provisions of Section nine (9) of the Workmen's Compensation Act. No showing is made

which would justify a lump sum settlement under the facts in this case, and the petition for a lump sum settlement is therefore denied.